J-S13011-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CURTIS MAHAFFEY | : | |
| | : | |
| Appellant | : | No. 695 WDA 2017 |

Appeal from the PCRA Order February 9, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004685-2003,
CP-02-CR-0017548-2002

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    FILED MARCH 12, 2018

Appellant, Curtis Mahaffey, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. Preliminarily, counsel has filed a brief/motion to withdraw as counsel, purportedly under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and its progeny.  In the context of a PCRA petition and request to withdraw, however, the appropriate filing is a "no-merit" letter/brief.  Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988); Commonwealth v. Finley, 550 A.2d 213 (1988).  But see Commonwealth v. Fusselman, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), appeal denied, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept Anders brief in lieu of Turner/Finley letter, where PCRA counsel seeks to withdraw

on PCRA appeal).   Before counsel can withdraw representation under the PCRA, "Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of Turner/Finley."  Commonwealth v. Karanicolas, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> Similar to the Anders situation, Turner/Finley counsel must review the case zealously.   Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007).  Counsel must contemporaneously serve on Appellant copies of the "no-merit" letter or brief, the motion to withdraw, plus a statement advising Appellant that he has the right to file a brief in this Court pro se or with new privately-retained counsel.   See id.   If counsel fails to satisfy the technical prerequisites of Turner/Finley, we generally deny withdrawal and remand for counsel to take the appropriate steps to satisfy Turner/Finley or file an advocate's brief, depending on the case circumstances.  Id.  To withdraw, counsel must assure this Court of the substantial compliance with these technical requirements. Commonwealth v. Muzzy, 141 A.3d 509 (Pa.Super. 2016).

Instantly, counsel's motion to withdraw correctly states Appellant has the right to retain new counsel or proceed pro se with this appeal to raise any additional points Appellant deems worthy of review.  (See Motion to Withdraw as Counsel, filed 12/29/17, ¶24.)  Nevertheless, the copy of the letter counsel

attached to the motion misstates Appellant's rights in paragraph three, which asserts: "In the probable event that the Superior Court grants my motion to withdraw as your counsel, you have the right to proceed with your appeal on your own without counsel, or you can retain counsel to assist you with this appeal."   (See Letter attached to Motion to Withdraw as Counsel, dated 12/29/17, ¶3.)   This language erroneously advises Appellant that he can act only "in the probable event" this Court lets counsel withdraw; thus, the letter "improperly conveys to Appellant the conclusion that he cannot proceed pro se or by privately retained counsel unless, and until, this Court rules on counsel's withdrawal request."   That advice is flawed.   See Muzzy, supra (stating: "In the case sub judice, counsel utilized language that is peculiar to the procedure at the common pleas court level when counsel seeks to withdraw, without adjusting it to the posture of the case at the appellate level. By advising Appellant that he may proceed either pro se or with private counsel only if, and after, we grant counsel's [request] to withdraw, Appellant will lose the very right that counsel is obligated to inform her client that he retains").   Instead, Appellant is entitled to proceed pro se or retain private counsel as soon as counsel files a withdrawal motion and notifies Appellant of counsel's intent to withdraw.   Although counsel's brief and motion to withdraw substantially comply with the technical requirements of Turner/Finley, the advice in counsel's letter does not.   See generally Commonwealth v. Woods, 939 A.2d 896 (Pa.Super. 2007) (explaining this

Court must evaluate counsel's letter to appellant to determine whether letter adds to, subtracts from, or conflicts with motion).  Because counsel's letter to Appellant conflicts with the motion to withdraw, in that the letter misstates Appellant's rights, the letter renders counsel's effort to withdraw defective.

Accordingly, we deny counsel's motion to withdraw and direct counsel to (a) re-file an amended withdrawal motion in this Court, within ten days of the filing date of this decision; (b) contemporaneously resend a copy of a properly designated appellate brief and revised motion to Appellant; and (c) attach to the amended motion an amended letter advising Appellant correctly of his immediate right to proceed pro se or with privately retained counsel and file a brief raising any additional points Appellant deems worthy of review.

Motion to withdraw as counsel denied; case remanded with instructions. Panel jurisdiction is retained.